### UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MASSACHUSETTS
### WORCESTER DIVISION

| | |
|---|---|
| In Re: | : |
| CHRISTIANNE A. MYLOTT-COLEMAN | :  CASE NO. 09-45275 HJB |
| | :  CHAPTER 13 |
| DEBTOR | : |

## MOTION FOR RELIEF FROM AUTOMATIC STAY OR, IN THE ALTERNATIVE, ADEQUATE PROTECTION

Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc. ("Wells Fargo) as and for a motion, pursuant to 11 U.S.C. §362(d) and Rule 4001(a) F.R.B.P., seeking an Order granting relief from Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2004 Cherolet Suburban, or, in the alternative, directing the debtor to immediately provide Wells Fargo with adequate protection of its security interest in the aforesaid vehicle, states the following as grounds therefore:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§1334(b) and §157(a) and §362(d) of Title 11, United States Code (hereinafter referred to as the "Code"). Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

2. On December 11, 2009, Christianne A. Mylott-Coleman hereinafter referred to as the 'Debtor' filed a voluntary petition under Chapter 13 of Title 11 of the Code with this Court.

3. On December 06, 2007, the Debtor entered into a Retail Installment Contract (hereinafter referred to as the "Contract") with North East Motors (hereinafter referred to as the "Seller"), whereby the Debtor agreed to pay a total of payments in the amount of $27,364.80 in connection with the purchase of a 2004 Cherolet Suburban, Vehicle Identification Number 1GNFK16T64J109582 (hereinafter referred to as the "Motor Vehicle").

4. Thereafter, pursuant to its terms, the Contract was duly assigned by the Seller to Wells Fargo and the latter is now the holder and owner of same.

5. Pursuant to the terms and provision of the Contract, Wells Fargo was granted and

presently retains a purchase money security interest in, <u>inter alia</u>, the Motor Vehicle and any accessories, equipment and replacement parts installed in said Motor Vehicle. No other collateral exists securing this obligation.

6. Wells Fargo duly perfected such security interest by noting its lien on the Certificate of Title. Copies of the Contract and Certificate of Title are collectively annexed hereto as Exhibit "A" and made a part hereof.

7. At the present time the Debtor is in default under the terms and provisions of the contract as follows:

    a. Balance Due: $9,151.66

    b. Post-petition arrears: $1,927.28 for the months of December 20, 2010 through and including April 20, 2011.

(**NOTE**: The forgoing does not represent any amounts which may be due for late charges, costs and attorneys' fees as may be allowed by the Court).

8. Wells Fargo has ascertained that the fair market replacement value of the motor vehicle is $15,175.00, based upon the relevant values for this vehicle set forth in the N.A.D.A. publication for this area, a copy of which is annexed hereto as Exhibit "B" and made a part hereof.

9. Pursuant to 11 U.S.C. §362(a), upon commencement of the bankruptcy case, Wells Fargo was and is stayed from taking any action against any debtor to obtain possession and control of the subject motor vehicle.

10. Upon information and belief, the Debtor continues continues to enjoy the use and possession of the motor vehicle subjecting same to normal occupational wear and tear thereby causing the motor vehicle to depreciate in value. It is respectfully submitted that the continued use of the motor vehicle shall eventually render it useless thereby causing Wells Fargo irreparable damage to its interests in same.

11. It is respectfully asserted that Wells Fargo's interest in the motor vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

12. Accordingly, sufficient cause exists, pursuant to 11 U.S.C. §362(d)(1) to grant Wells Fargo immediate relief from automatic stay herein.

13. Alternately, in the event relief from automatic stay is not granted, Wells Fargo respectfully requests that the Court compel the debtor to immediately provide Wells Fargo adequate protection of its security interests in the motor vehicle by (a) curing any default of payment obligations presently existing pursuant to the terms and provisions of the contract; (b) continuing to make payment in timely fashion thereunder; (c) maintaining adequate and continuous insurance coverage on the motor vehicle, and (d) providing such other adequate protection as the Court may deem just and proper under 11 U.S.C. §361.

14. In the event this request for adequate protection is granted, then Wells Fargo respectfully request that the order provide that it be entitled to the immediate possession of the Motor Vehicle without further Court proceedings in the event of default by the Debtor under any provisions for adequate protection which may be awarded herein after proper notice thereof.

15. No prior application for relief requested herein has been made.

**WHEREFORE,** Wells Fargo respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d)(1) (and/or (d)(2) if applicable) granting relief from automatic stay in order to obtain possession and dispose of its collateral or, in the alternative, directing the debtor to immediately provide for the adequate protection of the security interests of Wells Fargo in the Motor Vehicle hereinabove requested; and such other relief as the Court deems just and proper.

Dated at Bloomfield, Connecticut on April 25, 2011.

        MOVANT
        WELLS FARGO DEALER SERVICES INC.
        F/K/A WACHOVIA DEALER SERVICES INC.


By /s/ Mitchell J. Levine
    Mitchell J. Levine
    Law Offices of Nair & Levin, P.C.
    707 Bloomfield Avenue
    Bloomfield, CT 06002
    BBO No. 638576
    Telephone No. (860) 692-3164
    mlevine@nairlevin.com

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION**

In Re: :
CHRISTIANNE A. MYLOTT-COLEMAN : CASE NO. 09-45275 HJB
: CHAPTER 13
DEBTOR :

**ORDER GRANTING RELIEF FROM AUTOMATIC STAY OR,
IN THE ALTERNATIVE, ADEQUATE PROTECTION**

After notice and hearing on Wells Fargo Dealer Services Inc. f/k/a Wachovia Dealer Services Inc.'s (hereafter the "Movant") Motion for Relief from Stay or, in the alternative, adequate protection

**IT IS HEREBY ORDERED** that the Automatic Stay of Section 362(a) of the Bankruptcy Code is modified so that the Movant may exercise its rights if any, under its security agreement with the above Debtor(s) with regard to a 2004 Cherolet Suburban, Vehicle Identification Number 1GNFK16T64J109582, in accordance with State and Federal Law.

Dated at Springfield, Massachusetts this _____ day of _____, 2011

_____
Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WORCESTER DIVISION**

| | |
|---|---|
| In Re: | : |
| CHRISTIANNE A. MYLOTT-COLEMAN | : CASE NO. 09-45275 HJB |
| | : CHAPTER 13 |
| DEBTOR | : |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 25, 2011 in accordance with Rules 7004, 7005, and 9014 F.R.Bankr.P., I have served the following upon all parties entitled to notice (see attached Schedule "A") by first class mail postage prepaid or electronically:

(1) a copy of the Motion for Relief From Automatic Stay,
(2) a copy of the proposed order.

Dated: April 25, 2011

                                          THE MOVANT
                                          WELLS FARGO DEALER SERVICES
                                          INC. F/K/A WACHOVIA DEALER
                                          SERVICES INC.

                                          BY/s/Mitchell J. Levine
                                             Mitchell J. Levine, Esq.
                                             NAIR & LEVIN, P.C.
                                             707 Bloomfield Avenue
                                             Bloomfield, CT 06002
                                             BBO #638576
                                             mlevine@nairlevin.com
                                             Telephone No. (860) 692-3164

# SCHEDULE A

**Christianne A Mylott-Coleman**
659 Franklin Road
Fitchburg, MA 01420
*(Debtor)*

**Douglas K. Snook**
Erickson & Snook, PC
775 Pleasant Street Unit #8
Weymouth, MA 02189
douglas_snook@hotmail.com

**Denise M. Pappalardo**
P. O. Box 16607
Worcester, MA 01601
denisepappalardo@ch13worc.com
*(Trustee)*

**Richard King**
Office of US. Trustee
446 Main Street
14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV
*(Assistant U.S. Trustee)*

**American Home Mortgage Servicing, Inc.**
1525 S. Beltline Road, Suite 100 N
Coppell, TX 75019
*(Creditor)*

**Recovery Management Systems Corporation**
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131
claims@recoverycorp.com
*(Creditor)*