| RETAIL INSTALLMENT SALE AGREEMENT-SUBJECT TO STATE REGULATION | Seller | NORTH EAST MOTORS 570 N. MAIN STREET LEOMINSTER, MA 01453 | Buyer | CHRISTIANNE MYLOTT-COLEMAN 659 FRANKLIN ROAD FITCHBURG MA 01420 |
|---|---|---|---|---|
| No. Date | 12/06/2007 | "We" and "us" mean the Seller above, its successors and assigns. | | "You" and "your" mean each Buyer above, and guarantor, jointly and individually. |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year 2004 | VIN 1GNFK16T64J109582 | Other: |
|---|---|---|---|
| | Make CHEVROLET | Lic. No./Year | |
| | Model SUBURBAN | ☐ New ☒ Used | |

Description of Trade-In

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 17493.00 , plus finance charges accruing on the unpaid balance at the rate of 18.89 % per year from today's date until paid in full. Finance charges accrue on a ACTUAL / ACTUAL day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 3000.00 |
|---|---|---|---|---|
| 18.89 % | $ 9871.80 | $ 17493.00 | $ 27364.80 | $ 30364.80 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 456.08 | BEGINS MONTHLY 01/20/2008 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
☒ **Late Charge:** If a payment is more than 15 days late, you will be charged A DELINQUENCY CHARGE OF 5% OR $5.00 WHICHEVER IS LESS

**Prepayment:** If you pay off this Contract early, you will not have to pay a penalty.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE: YOU CANNOT BE DENIED CREDIT SIMPLY BECAUSE YOU CHOOSE NOT TO BUY CREDIT INSURANCE. CREDIT LIFE INSURANCE AND CREDIT ACCIDENT AND HEALTH INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT. INSURANCE WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL CHARGE.**

Credit Life: Insured _____
☐ Single ☐ Joint Prem. $ _____ NA _____ Term _____
Credit Accident and Health: Insured _____
☐ Single ☐ Joint Prem. $ _____ NA _____ Term _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_____ d/o/b _____ d/o/b
Buyer             Buyer

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ _____ NA _____ . If you get insurance from or through us you will pay $ _____ NA _____ for _____ NA _____ of coverage.

This premium is calculated as follows:
☐ $ _____ NA _____ Deductible, Collision Coverage $ _____ NA _____
☐ $ _____ NA _____ Deductible, Comprehensive Cov. $ _____ NA _____
☐ Fire-Theft and Combined Additional Coverage $ _____ NA _____
☐ _____ NA _____ $ _____ NA _____

Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.

☒ **SERVICE CONTRACT:** With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____ 24000 _____ . This Service Contract will be in effect for _____ 24 MOS _____ .

**ASSIGNMENT:** This Contract and Security Agreement is assigned to PREFERRED AUTO FINANCE LLC
the Assignee, phone _____ . This assignment is made
☐ under the terms of a separate agreement. ☐ under the terms of the ASSIGNMENT BY SELLER on page 2. ☒ This assignment is made with recourse.
Seller: By _____ Date 12/06/2007

**BY SIGNING THIS CONTRACT BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.**

Seller: By _____

### ITEMIZATION OF AMOUNT FINANCED

Vehicle Price (incl. sales tax of $ _____ NA _____ ) $ 17995.00
Service Contract, Paid to: WARRANTY · $ 2349.00
                                        Cash Price $ 20344.00
Manufacturer's Rebate $ _____ NA _____
Cash Down Payment $ 3000.00
Deferred Down Payment $ _____ NA _____
  a. Total Cash/Rebate Down $ 3000.00
  b. Trade-In Allowance $ _____ NA _____
  c. Less: Amount owing $ _____
     Paid to (includes f.): _____ NA _____
  d. Net Trade-In (b. minus c.) $ 3000.00
  e. Net Cash/Trade-In (a. plus d.) $ _____ NA _____
f. Amount to Finance line e. (if e. is negative) $ 3000.00
Down Payment (e.; disclose as $0 if negative) $ 17344.00
  Unpaid Balance of Cash Price $ _____ NA _____
Paid to Public Officials - Filing Fees $ _____ NA _____
Insurance Premiums* $ _____ NA _____
To: _____ DOC FEES _____ $ 149.00
To: _____ VSI INSURANCE _____ $ _____ NA _____
To: _____ TITLE/REG/PLATES _____ $ _____ NA _____
To: _____ NA _____ $ _____ NA _____
To: _____ $ 149.00
Total Other Charges/Amounts Pd. to Others $ _____ NA _____
  Less: Prepaid Finance Charges $ _____ NA _____
    Amount Financed $ 17493.00

*We may retain or receive a portion of this amount.
☐ **SINGLE-INTEREST INSURANCE:** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ _____ NA _____ for _____ 60 MOS _____ of coverage.

The terms of this agreement are contained on both sides of this page.
**NOTICE TO THE BUYER**
(1) Do not sign this contract if any of the spaces intended for the agreed terms to the extent of then available information are left blank. (2) You are entitled to an exact copy of the contract you signed. (3) Under the law, you have the following rights, among others: (a) to pay off in advance the full amount due and to obtain a partial refund of the finance charge; (b) to redeem the property if repossessed for a default; (c) to require, under certain conditions, a resale of the property if repossessed.

Buyer _____ 12/06/07
Signature                Date

_____ _____
Signature                Date

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

**BALLOON PAYMENT:** If any payment is more than twice as large as the average of all other regularly scheduled payments, you may refinance that payment when due. You may do so on terms as favorable as the terms originally agreed to in this Contract, if you meet our normal credit standards. This right does not apply if your payment schedule is adjusted for seasonal or irregular income, or we do not offer similar credit at that time.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:
A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.
B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.
C. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.
E. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.
F. You will pay all taxes and assessments on the Property as they become due.
G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
A. You fail to make a payment on this Contract in full when due; or
B. An event occurs that substantially impairs the value of the Property.

If you default, you agree to pay, except where prohibited by law, the costs we incur to collect amounts owing. If we refer this Contract to an attorney that is not a salaried employee of ours, this amount includes reasonable attorneys' fees.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** Except as otherwise provided in the EXCEPTIONS section, if you are in default on this Contract, we have all of the remedies provided by law and this Contract:
A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. This amount will be due immediately. This amount will earn finance charges from the date paid at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.
C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace, unlawfully enter onto your premises or in a consumer credit transaction, enter property owned by or rented to you without your consent. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.
E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**EXCEPTIONS:** If this is a consumer credit transaction the following apply:
A. After you are in default on this Contract for 10 or more days, you are entitled to receive a notice of your default and your right to cure. We may not exercise any of our remedies unless you have failed to cure your default as provided in the notice. No notice of default is required before we exercise our remedies if you have cured a default after notice three or more times prior to the current default.
B. If you are in default because of a failure to make payments when due, you may cure the default at any time unless we have notified you that we have accelerated the due date of the unpaid balance, brought an action against you, or proceeded against the Property.
C. If this Contract is secured by a non-possessory security interest in consumer goods, we will not be entitled to a deficiency judgment if we repossess or accept surrender of the Property and the unpaid balance of this Contract at the time of default is $2,000 or less.

**RETURNED CHECK CHARGE:** If you make any payment required by this Contract with a check, draft or order for the payment of money that is returned or dishonored, you agree to pay a fee not to exceed $10.00.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:
A. You must pay this Contract even if someone else has also signed it.
B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
C. We may release any security and you will still be obligated to pay this Contract.
D. If we give up any of our rights, it will not affect your duty to pay this Contract.
E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. Except for a required notice of right to cure for the failure to make a required payment, we are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

---

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

Signature _____ Date _____

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

---

## ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:
A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

# NADA Official Used Car Guide
## Monday, March 21, 2011

## Vehicle Summary NADA Values

**Region:** Eastern - March 2011  **Reference #:**

**Vehicle Description:** 2004 CHEVROLET TRUCK Suburban-V8 Utility K1500 LS 4WD   **VIN:** 1GNFK16T64J109582

**MSRP:** $39,850  **Weight:** 5,219

**Mileage:** 92,500

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| **Base Value** | $9,500 | $10,900 | $12,050 | $10,850 | $15,175 |
| **Optional Equipment** | | | | | |
| **Option Total** | $0 | $0 | $0 | $0 | $0 |
| **Mileage Adjustment** | $0 | $0 | $0 | $0 | $0 |
| **Total NADA Official Used Car Guide Values** | $9,500 | $10,900 | $12,050 | $10,850 | $15,175 |

NADA assumes no responsibility or liability for any errors or omissions
or any revisions or additions made by anyone on this report.
All NADA values are reprinted with permission of
NADA Used Car Guide, NADASC.

| VIN | 1GNFK16T64J109582 | | | Financed | 12/06/2007 | Tech | FDI |
|---|---|---|---|---|---|---|---|
| Status | **Perfected Title** | | | RMV Work | 12/22/2007 | | |
| Borrower | MYLOTT-COLEMAN CHRISTIANNE | | | Imported | 12/24/2007 | | |
| Borrower Home Phone | | | | Added | 12/11/2007 | | |
| | | | | Perfected | 12/24/2007 | | |
| Borrower Work Phone | | | | Payoff | / / | Tech | |
| | | | | Released | / / | | |
| Branch | 783 | Acct # | | Release Type | | | |
| Loan # | | Suffix | | Exported | / / | | |
| Owner | MYLOTTCOLEMAN CHRISTIANNE | | | RMV Response | / / | Code | |
| Lienholder | WACHOVIA DEALER SERVICES INC | | | | | | |
| Dealer ID | | | | RMV Deleted | / / | | |
| Year | 2004 | Make | CHEV | Expires | / / | | |
| License | | Title # | BF235532 | FDI Assigned User | | FDI Action Date | / / |
| Body | UT | Vehicle Type | VEH | Lienholder Assigned User | | Lienholder Action Date | / / |
| Model Name | K1500 | Model Number | | | | | |
| Body Type | UT | Purchase Date | 12/04/2007 | Misc. | | | |
| | | | | State | MA | **Electronic** | |
| | 002 | Origin | | | | | |
| Account Type | **Financed (Loan)** | Loan Type | **Vehicle** | | | | |
| Contract with Release | None | | | | | | |

[ More Details ]   [ Save Note ]   [ ExplodeVIN ]

**Notes**

Record Activity for WELLS FARGO DEALER SERVICES, I

OTTS - System note on 12/26/2007 06:24:27 AM by Patricia Jones:
Name Discrepancy accepted.
VTTS - Status changed to PT on 12/24/2007 06:15 AM by FDI
VTTS - Status changed to PM on 12/11/2007 01:16 AM by FDI

Lien Placement Activity