# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: CHRISTIANNE A. MYLOTT-COLEMAN ) | Chapter 13 |
| ) | Case No: 09-45275 |
| Debtor ) | |

## OPPOSITION TO RELIEF FROM AUTOMATIC STAY

NOW COMES Christianne A. Mylott-Coleman, the Debtor, and opposes the motion of Wells Fargo Dealer Services Inc.'s Motion for Relief From the Automatic Stay and answers the motion as follows:

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Debtor denies that is the balance due.

8. Debtor has insufficient knowledge to admit or deny this allegation.

9. Admit.

10. Admit Debtor has possession but denied that Wells Fargo will suffer irreparable damage.

11. Denied.

12. Denied.

13. This is a request for Court action and as such no response is required.

14. This is a request for court action and as such no response is required.

15.   Admit.

Christianne A. Mylott-Coleman, the Debtor, respectfully request that the Court deny Wells Fargo's Motion for the following reasons:

1.   Debtor was previously represented by Attorney Christopher Uhl.

2.   Subsequently Debtor was represented by Attorney Hilsmeyer and then Attorney Douglas Snook.

2.   Attorney Uhl left the Debtor with the impression that the required monthly payment would be paid through the Chapter 13 plan.

3.   Once the Bankruptcy petition was filed, Debtor stopped receiving monthly statements from Wells Fargo and therefore assumed the payments were being made.

4.   Debtor did not become aware of the arrearage until April 2011 when contacted by Attorney Snook.

5.   Counsel was advised that the arrearage through April would be approximately $3500.00.

6.   On or about April 11, 2011 Debtor sent Creditor a check for $2000.00 and advised her attorney of this payment.

7.   Debtor's Counsel advised Attorney Levine that this payment had been made and would follow up as to when the balance would be paid.

8.   Wells Fargo made this motion without further contact to Debtor's counsel.

9.   Debtor sent an additional payment of $3000.00 to Wells Fargo on April 30, 2011.

10.  Both payments to Wells Fargo have cleared Debtor's checking account.

11. Debtor is unsure what if any arrearage remains. Debtor was advised that through April the arrearage would be approximately $3,500.00. Paragraph 7 of the within motion states $9151.66 as a balance due but then states arrears as $1,927.28.

12. If anything Wells Fargo has been paid $1500.00 beyond what is currently owed.

13. The vehicle in question is registered and insured. The Debtor uses it to travel to and from work and it is necessary for her to continue to use it in such capacity.

WHEREFORE Debtor respectfully request that the Court deny the motion and award her costs to defend this action.

                                                Respectfully Submitted,
Christianne A Mylott-Coleman
By her Attorney.

Dated: May 9, 2011                    **/s/ Douglas K. Snook**
Douglas K. Snook, Esq. BBO#560184
Erickson & Snook, PC
775 Pleasant Street #8
Weymouth, MA 02189
(781) 331-1447
Fax: (781) 331-1499
douglas_snook@hotmail.com

## CERTIFICATE OF SERVICE

I, Douglas K. Snook, Attorney for the Debtor(s), hereby certify that on May 9, 2011, I electronically filed the foregoing Opposition to Relief from the Automatic Stay with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Office of the US Trustee
Office of the Chapter 13 Trustee

Mitchell J Levine, Esq.
Attorney for Wells Fargo

Christianne A Mylott-Coleman
659 Franklin Road
Fitchburg, MA 01420
(via first class mail)

American Home Mortgage Servicing
1525 S. Beltline Road Ste 100 N
Coppell TX 75019
(via first class mail)

                                              **/s/ Douglas K. Snook**
                                              BBO#560184