UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

FIRST AMENDED CHAPTER 13 PLAN COVER SHEET

Filing Date:   May 31, 2012                                Case No. 09-45275

Debtor: Christianne A Mylott-Coleman

SS#: XXX-XX- 0223

Address:    659 Franklin Road
            Fitchburg, MA 01420

Debtor's Counsel:    Douglas K Snook BBO#560184
                     Erickson & Snook, PC
                     775 Pleasant St #8
                     Weymouth, MA 02189
                     7871-331-1447
                     781-331-1499 fax
                     douglas_snook@hotmail.com

ATTACHED TO THIS COVER SHETT IS A POST-CONFIRMATION AMENDMENT TO THE CHAPTER 13 PLAN FILED BY THE DEBTOR IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED MODIFIED TREATMENT OF THE CLAIMS OF THE CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY THE DEBTOR WITH THE BANKRUPTCY COURT.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY DAYS AFTER THE FIRST DATE SET FOR THE SECTION 341 MEETING, OR 9II) THIRTY DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

OFFICIAL LOCAL FORM 3A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

POST-CONFIRMATION AMENDED CHAPTER 13 PLAN

DATED: MAY 29 2012

POST-CONFIRMATION ___First___ AMENDED CHAPTER 13 PLAN
(Insert First, Second etc.)

Docket No.: 09-45275

DEBTOR(S):
(H) Christianne A. Mylott-Coleman        SS#: xxx-xx-0223

(W) _____      SS#: _____

I. AMENDED PLAN PAYMENT AND TERM:

TERM OF THE PLAN: 60 Months (Total length of Plan - not no. of months remaining.)
If the plan is longer than thirty-six (36) months, a statement of cause under 11 U.S.C. § 1322(d) must be attached hereto.

Additional time needed to pay mortgage arrearage in full and provide a dividend to creditors.

AMENDED PLAN PAYMENT: Debtor(s) to pay monthly: $ 651.00

EFFECTIVE: 6 / 15 / 2012 (Insert new payment beginning date.)

The claims listed below must include amounts previously disbursed by the Trustee on all claims which have subsequently been withdrawn or disallowed.

II. SECURED CLAIMS:

A.   Claims to be paid through the plan (including arrears):

Creditor              Description of Claim                          Amount of Claim

164

(pre-petition arrears, purchase money, etc.)

American Home Mtg Svc    pre-petiton arrears         $ 38,185.82

_____  _____     $ _____

_____  _____     $ _____

Total of secured claims to be paid through the Plan: $ 38,185.82

B.  Claims to be paid directly by debtor to creditors (Not through Plan):

Creditor                         Description of Claim

American Home Mtg Svc            First Mortgage

Wfs/Wachovia Dealer Svc          Auto Loan

_____          _____

C.  Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| None | | |
| | | |
| | | |

D.  Leases:

   i.   The Debtor(s) intend(s) to reject the residential/personal property lease claims
        of   None                                                          ; or

   ii.  The Debtor(s) intend(s) to assume the residential/personal property lease claims
        of _____ .

165

    iii.    The arrears under the lease to be paid under the plan are _____

_____

_____

III. PRIORITY CLAIMS:

A.    Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | $ |

B.    Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | $ |
| | | $ |
| | | $ |
| | | $ |

Total of Priority Claims to Be Paid Through the Plan:    $ 0.00

IV. ADMINISTRATIVE CLAIMS:

A.    Attorneys Fees (to be paid through the plan):    $ 1,500.00
    (Paid to Christopher Uhl)

B.    Miscellaneous Fees:

166

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | $ |
| | | $ |
| | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of __43__ % of their claims.

A. General unsecured claims:                    $ 10,508.53

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | $ |
| | | $ |
| | | $ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | $ |
| | | $ |

167

|  |  | $ _____ |
|---|---|---|
| Total of Unsecured Claims(A + B + C): |  | $ 10,508.53 |

D. Multiply total by percentage:                                                              $ 4518.66

(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None |  | $ _____ |
|  |  | $ _____ |
|  |  | $ _____ |

Total amount of separately classified claims payable at \_\_\_\_%:      $ _____

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan:_____

_____.

B. Miscellaneous Provisions:

_____

_____.

C. Set forth below, all changes from the previously Confirmed Plan:

168

Secured: <u>Increased from $22,000 to $38,185.82 based on actual Proof of Claim filed.</u>

Priority: _____.

Unsecured: <u>Decreased dividend from 62% to 43%</u>.

Term <u>extended to 60 months to cover secured Proof of Claim and provided a dividend</u>

Plan Payment: <u>Increase of one dollar for remainder of term.</u>

VII. CALCULATION OF AMENDED PLAN PAYMENT:

a) Secured claims (Section II-A Total): $ 38,185.82

b) Priority claims (Section III-A & B Total): $ _____

c) Administrative claims (Section IV-A&B Total): $ 1,500.00

d) Regular unsecured claims (Section V-D Total): + $ 4,518.66

e) Separately classified unsecured claims: $ _____

f) Total of a + b + c + d + e above:   =   $ 44,204.48

g) Divide (f) by .90 for total including Trustee's fee:

   Cost of Plan = $ 49,116.08

(This represents the total amount to be paid into the Chapter 13 Plan.)

h) Subtract the total amount of payment the Debtor has paid to the Trustee to date: $ 25,700.00

i) Total amount left to be paid (g minus h) $ 23,416.08

j) Divide (i) by # of months remaining: 36

k) Round up to nearest dollar: Amended Monthly Plan Payment      $ 651.00

Date Amended Payment to begin:  6 / 15 / 2012

VIII. LIQUIDATION ANALYSIS

☐ The Debtor avers that there have been no material changes to the total amount set forth in the Summary of the Liquidation Analysis of the Debtor's previously Confirmed Plan.

A. Real Estate:

| List Each Address | Fair Market Value | Total Amt. of Recorded Liens (Schedule D) |
|---|---|---|
| 659 Franklin Rd Fitchburg MA | $ 220,000.00 | $ 265,771.00 |
|  | $ | $ |
|  | $ | $ |

Total Net Equity for Real Property:    $ 0.00

Less Total Exemptions (Schedule C):    $ 0.00

Available Chapter 7:    $ 0.00

B. Automobile (Describe year, make, model):

04 Chevy Suburban 1500    Value $ 9950    Lien $ 12842    Exemption    $ 0.00

97 Olds 88 Sedan    Value $ 1300    Lien $ 0.00    Exemption    $ 1,300.00

Total Net Equity:    $ 1,300.00

Less Total Exemptions (Schedule C)    $ 1,300.00

Available Chapter 7:    $ 0.00

170

C. All other Assets: (All remaining items on schedule B) : (Itemize as necessary)

Cash; Bank of America Checking Account; Furniture & Goods; Clothing

Total Net Value: $ 15,450.00

Less Exemptions (Schedule C): $ 15,450.00

Available Chapter 7: $ 0.00

D. Liquidation Summary (Total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ 0.00

Additional Comments regarding Liquidation Analysis:

171

IX. Signatures

Pursuant to the Chapter 13 rules, the debtor(s) or his or her counsel will serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and file a Certificate of Service accordingly.

_/s/ Douglas K Snook_____     _MAY 29 2012_
Debtor's Counsel                                         Date

Douglas K Snook, BBO#560184
Counsel's Address: __Erickson & Snook, PC,__
775 Pleasant St #8
Weymouth MA 02189

Tel. # ( ) _781-331-1447_

Email Address: __douglas_snook @hotmail.com__

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

_/s/_____     _May 29 2012_
Debtor                                                     Date

Christianne A Mylott-Coleman

_____     _____
Debtor                                                     Date

172